UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF MARSH BUGGIES, INC., AS OWNER PRO HAC VICE OF THE 15' ALUMITECH AIRBOAT (Hull No: AONO2744J819), ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | CIVIL ACTION NO. 22-4646<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT FOR EXONERATIONFROM OR LIMITATION OF LIABILITY

**NOW INTO COURT**, through undersigned counsel, comes Marsh Buggies, Inc., ("MBI" and/or "Limitation Plaintiff"), a Louisiana limited liability company, as owner pro hac vice of the 15' Alumitech Airboat (Hull No: AONO2744J819), her engines, tackles, furniture, appurtenances, etc., and files this Complaint in a cause of exoneration from or limitation of liability, civil and maritime, and respectfully avers upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is pursuant to the admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. §1333.

2.

At all times hereinafter mentioned, MBI was and now is a corporation organized and existing under and by virtue of the laws of the State of Louisiana, and was, at all times hereinafter mentioned, the owner pro hac vice and operator of the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819).

3.

The 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) is an airboat, Hull No. AONO2744J819.

4.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) in all respects seaworthy; and at all times hereinafter described, the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) was engaged.

5.

It has been alleged that on or around May 24, 2022, Marsh Buggies, Inc., was operating the 15' ALUMITECH AIRBOAT (HULL NO. AONO2744J819) with three passengers onboard when the captain attempted to proceed over a hill and the airboat slid backwards into the water allegedly causing injury to Scott Hughes who was operating the airboat.

6.

It is anticipated the captain will allege the incident was the result of, among other things, the negligence, carelessness, or other legal fault of MBI, and/or the unseaworthiness of the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819).

7.

This casualty was not due to any fault, neglect or want of care on the part of Limitation Plaintiff, or the unseaworthiness of the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819), nor anyone for whom said Limitation Plaintiff may be responsible.

8.

The May 24, 2022, incident was due to the sole fault of the operator of the airboat the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819). Accordingly, Limitation Plaintiff is not and cannot be liable for any of the claimed damages.

9.

Limitation Plaintiff, as owner pro hac vice of the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819), denies that it or the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) are liable to any extent for any claims arising out of the aforesaid casualty and assert exoneration from liability for all losses occasioned or incurred by reason of or resulting from this casualty. Alternatively, if the Court should adjudge Limitation Plaintiff liable to any extent, Limitation Plaintiff avers that the casualty occurred without its privity or knowledge and seeks the benefit of limitation of liability as provided in 46 U.S.C. §30501, *et seq.*, and of the various statutes supplementary thereto and amendatory thereof and of any and all other applicable law and jurisprudence including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11.

This Complaint for Exoneration and/or Limitation of Liability is brought timely and within the requirements of Rule F(1), Supplemental Rules of Certain Admiralty and Maritime Claims.

12.

As per the attached Declaration of Value Pursuant to 28 U.S.C. § 1746 by Norman J. Dufour, Jr., (Exhibit A), after the incident on or about May 24, 2022, the Limitation Plaintiff's interest in the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819), including no pending freight, was SIXTY TWO THOUSAND AND FIVE HUNDRED DOLLARS AND NO/100

($62,500.00).

13.

Limitation Plaintiff shows that if it should be held liable in any degree to any party, which is denied, its liability should be limited to and not exceed the amount or value of Limitation Plaintiff's interest in the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) and freight pending in the aggregate sum of $62,500.00. Limitation Plaintiff offers and elects to file a Letter of Undertaking, attached as Exhibit "B," as executed by Great American Insurance Company and deposited by MBI with the Court for the benefit of claimants, in the sum of SIXTY-TWO THOUSAND AND FIVE HUNDRED DOLLARS and 00/100 ($62,500.00).

14.

Should it later appear that Limitation Plaintiff is or may be liable, and that the amount or value of its interest in the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) and its pending freight, as aforesaid, are not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum of the value of the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819), saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

15.

Limitation Plaintiff is also prepared with respect to security and due appraisal to comply with the provisions of Rule F(1) and (7) when and if the Court should so order. Petitioners specifically reserve the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation or the applicable law and statutes.

16.

On information and belief, there is currently one claim against the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) as well as its owner pro hac vice, arising out of this casualty. To the best of Petitioners' information and belief, the claimant is as follows:

1) Scott Hughes
*through his attorney*,
*Steve Johnson*
*Morris Bart, LLC*
*Pan American Life Center*
*601 Poydras Street, 24th Floor*
*New Orleans, LA 70130-6036*
*Direct: 504-599-3210*

17.

Limitation Plaintiff avers that the potential amounts which may be claimed exceeds the value of Limitation Plaintiff's interest in said vessel. Limitation Plaintiff is not aware of any other potential demands other than that set forth above, and specifically, is not aware of unsatisfied liens or claims of liens arising out of the casualty.

18.

To Limitation Plaintiff's knowledge, no suit has been filed alleging damages as a result of the incident involving the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) on or about May 24, 2022.

19.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Limitation Plaintiff prays that:

1. This Honorable Court issue an Order approving the Letter of Undertaking, executed by Great American Insurance Company and deposited by MBI with the Court for the benefit of claimants, and in lieu of and as an Ad Interim Stipulation, in

      the sum of SIXTY-TWO THOUSAND AND FIVE HUNDRED DOLLARS AND 00/100 ($62,500.00).

2. The Court issue notice to all persons asserting claims with respect to which this Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest this Complaint he shall file and serve on the attorneys for Limitation Plaintiff an Answer to the Complaint on or before the said date unless his claim has included an Answer;

3. That the Court issue its injunction restricting the commencement and/or prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against Marsh Buggies, Inc, its employees, agents, insurers, parent companies, affiliates, contractors, or property, the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) or its underwriters arising out of the aforementioned casualty other than in the present action;

4. That the Court adjudge Limitation Plaintiff and the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) not liable to any extent whatsoever for any damage of any kind arising out of the matters aforesaid.

5. In the alternative, that if the Court should adjudge the Limitation Plaintiff or the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) liable in any amount whatsoever their liability should be limited to and not exceed the amount or value of Limitation Plaintiff's interest in the 15' ALUMITECH AIRBOAT (HULL NO: AONO2744J819) and freight pending, if any; and

6. That Limitation Plaintiff have such other and further relief as justice may require including the right to supplement and amend these pleadings in order to achieve

justice.

                Respectfully submitted,

                DUNCAN & SEVIN, L.L.C.

                */s/ Kelley A. Sevin*

                _____
                **ELTON F. DUNCAN, III, T.A. (LA 14967)**
                **KELLEY A. SEVIN (LA 25871)**
                5500 Prytania Street, #537
                New Orleans, LA 70115
                Telephone: (504) 524-5566
                Facsimile: (504) 524-9003
                E-Mail: eduncan@duncansevin.com
                E-Mail: ksevin@duncansevin.com
                Attorneys for Defendant, Marsh Buggies Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 23rd day of November 2022.

*/s/ Kelley A. Sevin*
_____