To The Honorable Judges of
the United States District
Court Eastern District of
Louisiana

    Re:    In the Matter of the Complaint of Marsh Buggies, Inc., as Owner Pro Hac Vice, of the 15' Alumitech Airboat, Hull No. AONO2744J819, its Engines, Tackle, Appurtenances, Furniture, etc. Praying for Exoneration horn or Limitation of Liability

    Great American Insurance Company, the Commercial Watercraft Owners Policy Underwriter on Policy No: GCV0000907 issued to March Buggies, Inc., as Owner Pro Hac Vice of the 15' Alumitech Airboat, Hull No. AONO2744J819, with a policy period of January 17, 2022, to January 17, 2023, in the above captioned matter now pending in the United States District Court for the Eastern District of Louisiana, bearing Civil Action No._____hereby agrees that:

    1.    In the event a final decree (after all appeals, if any) is entered in favor of the claimants against the Petitioner, Marsh Buggies, Inc., as owner pro hac vice of the 15' Alumitech Airboat, Hull No. AONO2744J819, for loss, damage or loss of life caused in connection with a certain incident occurring on or about May 24th 2022, while on the navigable waters in St. John the Baptist Parish, then the undersigned Underwriter agrees to pay and satisfy the said final decree up to $62,500.00 US or any lesser amount decreed by the Court or settled between the parties without final decree being rendered less any applicable deductible, Annual Aggregate Deductible, costs and expenses which would reduce the limit available for settlement and subject to all terms of the policy of indemnity insurance issued to Marsh Buggies, Inc.

    2.    Nothing contained in paragraph (1), however, is intended to prohibit Petitioner from filing a bond in form and sufficiency of surety satisfactory to this Court in an amount up to $62,500.00 together with interest at six percent (6%) to satisfy all statutory requirements in said action described in paragraph (1) above, on behalf of the owners pro hac vice of the 15' Alumitech Airboat, Hull No. AONO2744J819 or the vessel *in rem*.

    3.    In the event the bond referred to in paragraph (2) above is filed, the undersigned Underwriter shall have no further obligation under paragraph (1) above.

    4.    This agreement and undertaking shall be governed by the laws of

this Court. Great American Insurance Company, as underwriter hereby consent to be sued on this agreement and undertaking in this Court and submits itself to the jurisdiction of this Court on this letter only and for no other purpose. Service of process in any action on this agreement and undertaking may be made on the Underwriter by service upon Duncan & Sevin, L.L.C., 5500 Prytania Street, #537, New Orleans, La 70115, its attorneys-in-fact, or by registered mail, return receipt requested. The appointment of Duncan & Sevin, L.L.C., as agent for the service of process is strictly limited to this agreement and undertaking, and in no way is to be considered a general appointment in any other respect. Final judgment, after all appeals, which may be entered against the Underwriter, shall be conclusive and may be enforced in any jurisdiction where the Underwriter or its assets may be found. In any suit on any such final judgment, after all appeals, a certified or exemplified copy of such judgment shall be conclusive evidence of the fact of the amount due under such judgment.

This letter is written entirely without prejudice to any rights or defenses which the said Vessel or said operator may have, none of which is to be regarded as waived.

Very truly yours,

Great American Insurance Company

*Monte T. Larsen*

Monte Larsen
Great American Insurance Company
Sr. Claim Technical Director
P.O. Box 706
Prospect, KY 40059